UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARLENE CROWLEY
Plaintiff,

V. No.: 06 – 216 ML

SUNOCO, INC. and DOES
1 through 100, inclusive
Defendants.

**REQUEST OF DEFENDANT, SUNOCO, INC. FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF**

Defendant Sunoco, Inc., pursuant to this Court's Rules of Civil Procedure, requests that plaintiff produce, for copying and inspection, the documents described below within thirty (30) days of the date of service hereof set forth below, at the offices of John Reilly & Associates, Summit West – Suite 330, 300 Centerville Road, Warwick, Rhode Island 02886.

Compliance with this request may be made by forwarding true copies of such documents, by mail, within the time specified:

1. Copies of any and all statements, signed or unsigned, whether recorded by mechanical or electronic means, made by the plaintiff which are in the possession of the plaintiff, her agent, insurer or attorney, and which relate directly or indirectly to this action.

2. Copies of all W-2 and 1099 forms, as well as any federal income tax returns of the plaintiff, for the year of the accident, the three years preceding the accident and the years to date.

3. Any and all photographs of plaintiff's injury as a result of the accident alleged in plaintiff's complaint.

4. Any and all photographs of the scene of the incident at which the accident allegedly took place, together with any and all photographs which the plaintiff intends to offer in evidence at the trial of this action.

5. Any and all police reports and other documents prepared by any governmental agency regarding the accident that is the subject of this litigation.

6. All medical reports, records, bills, invoices, statements or other documents received from physicians, dentists, hospitals, chiropractors, physical therapists and any others, who in any way examined or treated the plaintiff for any and all injuries allegedly sustained by her as a result of the incident described in her complaint, or relating to any other treatment rendered the plaintiff for a period of ten (10) years preceding the incident in question, to the present.

7. All sketches, plans or diagrams, or copies thereof, showing the scene of the incident described in plaintiff's complaint.

8. Any and all reports of investigators in the possession of or subject to the control of the plaintiff, her agents, servants, employees, attorneys or insurer(s).

9. Any wage and employment information furnished by plaintiff's employer relative to time and wages allegedly lost as a result of the incident described in plaintiff's complaint.

10. Copies of any and all documents relating to each person expected to be called as an expert witness at any trial on the merits of this action, including but not limited to all documents:

a) prepared by each expert witness;
b) sent to each expert witness by plaintiff's counsel;
c) relied upon by each expert witness;
d) used, consulted or reviewed by each expert witness;
e) setting forth any compensation agreement(s) between plaintiff and each expert witness;
f) used, relied upon, consulted, or reviewed by each expert witness in answering expert witness interrogatories (if applicable), which have been or will be shown to each expert witness prior to trial testimony; and
g) all other documents, including a current curriculum vitae, used to establish each expert witnesses' qualification(s) for trial purposes

11. Copies of all reports of all experts in the possession of the plaintiff, her agents, servants, attorneys or insurer.

12. Copies of all documentary evidence to be used by the plaintiff at any trial on the merits of this action.

13. Copies of any applications for Workers' Compensation benefits, Disability benefits, Medical Payments benefits, Unemployment benefits, or SSDI benefits, prepared by or on behalf of the plaintiff for any insurance company or governmental agency concerning the accident alleged in plaintiff's complaint or at any other time.

14. Copies of any and all accident reports prepared by or on behalf of the plaintiff, for any insurance company, Board of Health, or police department, concerning the incident described in plaintiff's complaint.

15. Copies of any releases, covenants or agreements given by the plaintiff to any person, firm, insurance company or other entity regarding any claim(s) arising out of the accident which is described in plaintiff's complaint.

16. A copy of the "Return of Service" signed by the process server and dated.

17. All objects, charts, graphs, instrumentalities and/or visual aids which plaintiff intends to use or offer as an exhibit at any trial on the merits of this action.

18. All medical reports, records, bills, invoices, statements or other documents received from physicians, dentists, hospitals, chiropractors, physical therapists and any others, who in any way examined or treated the plaintiff for any and all injuries allegedly sustained by her as a result of the incident described in her complaint, or relating to any other treatment rendered to the plaintiff for a period of ten (10) years preceding the incident in question, to the present.

19. Any logs, diaries, records or other written memoranda you have or anyone acting for you has kept which list the same or any other claims or any other conditions discussed in response to any preceding request or any of your interrogatory answers in this action.

20. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 1 of Plaintiff's Complaint.

21. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 2 of Plaintiff's Complaint.

22. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 3 of Plaintiff's Complaint.

23. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 4 of Plaintiff's Complaint.

24. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 5 of Plaintiff's Complaint.

25. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 6 of Plaintiff's Complaint.

26. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 7 of Plaintiff's Complaint.

27. To the extent not previously addressed in these requests, please provide copies of all documents supporting the allegations in Paragraph 8 of Plaintiff's Complaint.

Please note that the foregoing requests include all items of the type demanded in the possession or control of the plaintiff. Items in the possession of agents of the plaintiff (e.g., insurance representatives, etc.) are therefore within the request and must be produced.

This request is to include all after-acquired documents of the type made reference to in the individual requests. The plaintiff is therefore requested to update her responses to this request by forwarding copies of any such newly acquired material to counsel for the defendant, or to notify counsel for the defendant of the existence of the same.

In the event that it is claimed that any of the foregoing materials which have been requested are not subject to discovery by virtue of any claim of privilege, or any other ground, it is requested that such materials be specifically, and not generally, identified, together with the specific details which form the basis of such claim of privilege, including but not limited to the date, title and author or creator of each such item or material(s).

Sunoco, Inc.,
By Its Attorney,

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
Fax: (401) 738-0258

**CERTIFICATION**

I hereby certify that a copy of this document has been forwarded to **Janet W. Alexander, Esq.**, Law Office of Janet W. Alexander, 48 Hamlet Avenue, Woonsocket, Rhode Island 02895, on this 11th day of May, 2006.