UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARLENE CROWLEY
Plaintiff,

V. No.: 06 – 216 ML

SUNOCO, INC. and DOES
1 through 100, inclusive
Defendants.

**FIRST SET OF INTERROGATORIES OF DEFENDANT, SUNOCO, INC. ADDRESSED TO PLAINTIFF, ARLENE CROWLEY**

Defendant, Sunoco, Inc. ("Sun") propounds the following interrogatories to Plaintiff, Arlene Crowley, to be answered separately, in writing, under oath and in accordance with this Court's Rules of Civil Procedure.

## I. INSTRUCTIONS

A. Scope of Discovery (Location and Custody of Documents and Information). These interrogatories are intended and directed to cover all information in your possession, custody, control or in the possession of your employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by you or anyone else acting on your behalf or otherwise subject to your control.

B. Document No Longer in Possession. If any document requested is no longer in your possession, custody or control, state:

1. what was done with the document;
2. the author of the document;
3. a description of the document and its contents;
4. the identity and address of the current custodian of the document;
5. the person who made the decision to transfer or dispose of the document; and
6. the reasons for, and the date of, the transfer or disposal.

C. Lack of Information. If you currently lack information to answer any interrogatory completely, please identify the responsive information currently available, the reason why it is unavailable, and any efforts which you intend to make to secure the information.

D. Scope of Discovery (Relevant Time Period). Unless otherwise indicated, these interrogatories apply to the time period from January 22, 2003 to the date of the trial of this action.

E. Supplemental Responses. These interrogatories are continuing; supplemental answers must be filed consistent with the Federal Rules of Civil Procedure between the date these interrogatories are answered and the trial of this action.

F. Document Production in Lieu of Written Response. Whenever a full and complete answer to any interrogatory or part of an interrogatory is contained in a business record or document(s), the document(s), if properly identified as answering a specific numbered interrogatory or part of an interrogatory, may be supplied in place of a written answer provided that the specific sections or pages from the document(s) that are responsive to the interrogatory are identified.

G. Estimates. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

H. Privilege as Applied to Interrogatory Response. Should you believe that any information requested by any of the following interrogatories is privileged, describe the subject matter of such information, state the privilege asserted, and state the facts giving rise to such privilege.

I. Number. The use of the singular form of any word includes the plural and vice versa.

J. "And" and "or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

K. All/each. The terms "all" and "each" shall both be construed as all and each.

L. For each interrogatory, identify and/or indicate:

1. each person other than you who provided information upon which the response is based;
2. whether that person has personal knowledge of the facts contained in the response;
3. if the response to subparagraph (2) above is negative, identify the source of such person's information;
4. any documents upon which you relied or to which you had to refer to in answering or attempting to answer the interrogatory.

M. Each interrogatory is intended to, and does, request that each and every, all and singular, the particulars and parts thereof, be answered with the same force and effect as if each part and particular were the subject of and were asked by a separate interrogatory.

## II. INTERROGATORIES

Accordingly, the following questions are addressed to you with reference to your claim(s), but without other limitation by virtue of the foregoing definitions and instructions.

1. State your exact and complete name; give any alias or other name by which you are or have ever been known; set forth your date of birth; home or residence address; marital status; occupation and the name and address of your current or most recent employer; place of business and/or company.

2. Give a detailed, chronological account of how the accident which is the subject of this litigation occurred, including in your answer your activities for a period of twelve hours immediately preceding the incident, the exact location and character of the spot at or upon which you fell, what specifically initiated or caused your fall, what parts of your body came in contact with all objects or surfaces and the order in which such events took place. Include in your answer any defect(s) you claim existed or which allegedly contributed to such accident.

3. State how many times you fell on the date in question, including in your answer the exact location of each fall. If you fell more than once, state which injuries you received in each fall.

4. Describe the footwear that you were wearing at the time of the alleged accident, specifically setting forth the type of sole and heel material, the height and width measurements of the heel, whether they were closed shores or sandals, the condition of same, new or old, whether you have worn them since the date of the accident and whether these are still in your possession.

5. Give the name and address of the person or persons you first notified or to whom you first reported that you had slipped or tripped and fallen following that incident, giving the exact date and time, place or places at which this occurred, the substance of the communications between you and each such person, and if necessary, a description of the person or persons to whom such notice was given if you do not know his, her or their exact name or names.

6. Describe the date, place and your best recollection of the words used and substance of any conversations, statements or admissions concerning this accident by or between any parties or witnesses to it and if any such conversation or any other report, account or statement concerning these events has been recorded in writing, on tape or in any other manner, identify the same and give the name and address of any person, firm or corporation having possession or custody of the original or any copies thereof.

7. Give the name and address of each person known or believed by you to have knowledge, to have been a witness to, or having given a statement about, the incidents and events alleged in your complaint, list the name and address of each person you plan to call as a witness at any trial on the merits of this action, and identify any written or recorded statements or summaries thereof obtained or provided by any person listed in your response to this question.

8. State whether you have consulted, engaged or otherwise obtained the assistance of any expert or expert witness with respect to any of the issues in this case; and if so, as to each such expert, state his or her name, business address and field or area of expertise. Additionally, please indicate: the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

9. If you have ever been convicted or pleaded guilty to any criminal offense or if you, your attorney or any person acting in your behalf has knowledge that any person listed in your responses to the preceding questions has any such criminal conviction record, please state the date of each such plea or conviction, the designation and address of each court or other tribunal (including military and/or foreign courts) before which such matter was heard, and the final disposition of any and all such cases.

10. State whether you consumed any alcoholic beverages, prescription medications, or other drugs at any time during the twenty-four (24) hours before you fell, indicating when and what was consumed and where this took place.

11. Give a particular description of each injury, of a personal nature or otherwise, you claim to have suffered as a result of the incidents or events involved in this litigation, and any damages you claim have resulted therefrom.

12. State the name and address of each clinic, emergency room or hospital at which treatment was sought for or with respect to those injuries, if any, mentioned in your answer to the preceding question, give the exact date or dates upon which treatment was sought at any such clinic, emergency room or hospital, and set forth an itemized account of all charges or expenses incurred as a result of any visit to or treatment of the same.

13. State the name and address of each physician, doctor, chiropractor or other provider of physical or mental health care or services from whom treatment was sought for or with respect to those injuries, if any, you claim to have suffered in the incident referenced in your complaint, give the date or dates upon which treatment was sought from any physician, doctor or other provider of physical or mental health care or services, and set forth an itemized account of all charges or expenses incurred as a result of any visit to or treatment with the same.

14. State the name and address of each nurse, therapist or other person who may have been employed to provide household help or care as a result of or with respect to those injuries, if any, referenced in your complaint, give the exact date or dates upon which treatment was sought from any nurse, therapist or other provider of household help, care or services and set forth an itemized account of all charges or expenses incurred as a result of any visit to or treatment with the same.

15. If you have ever suffered any injuries of the same or a similar nature to these detailed in your answer to question eleven (11) above, or if at the time of the accident or at any time thereafter you suffered from any other injury, disease or abnormality, give the date(s) and a particular description of each such condition or injury, setting forth the name and address of any clinic, emergency room, hospital, physician, dentist, doctor, chiropractor or other provider of medical care from whom treatment for the same was sought and the date or dates of such treatment or assistance.

16. If before or at the time of this accident, you had or have been diagnosed as having or suffered from dizziness, headaches, nervous disorders, hypertension, fainting spells or any disease or condition causing such physical reactions, describe such conditions in detail, giving the name and address of any physician, hospital, clinic or other health care provider who has seen, diagnosed or treated you for the same.

17. Do you claim that any of the injuries you allegedly suffered as a result of the incidents or events involved in this litigation and as described in your answer to question eleven (11) above, are permanent, and if so, give a particularized description of such allegedly permanent condition. Additionally, set forth the exact dates, if any, during which you contend you were totally or partially disabled following this accident.

18. Has anyone prescribed future medical treatment, therapy or care or with respect to those injuries, if any, described in your answer to question eleven (11) above, and if so, state the name and address of any person, firm or entity having done so and give a detailed description of the anticipated nature and extent of such future care, further stating its anticipated cost and identifying the person, firm or entity from which such estimate was obtained.

19. Has anyone prescribed medication for the injuries referred to in your answers to these questions, and if so, identify each drug or controlled substance so prescribed, indicate the expense, if any, you have incurred to acquire the same and/or its anticipated future costs, and identify all written receipts, bills, or the like, relating to the same.

20. State the full name, address and telephone number of your employers, your title or position with each employer, the name, residence address and telephone number(s) of the person or persons who are the principal owners and/or managers of each such employer, the name, address and telephone number of each and every employer you have had since the accident, including your title or position with each such employer, and described your job duties with each employer, if any, and set forth your hourly, weekly, monthly or yearly earnings with each.

21. Set forth the period of time, if any, you claim you were prevented from carrying on your employment or occupation as an alleged result of the injuries described in your response to question eleven (11), above, following this accident, including in your answer the amount of money you thereby contend to have lost and how that was or is calculated.

22. Describe those daily activities, hobbies or other personal pursuits, if any, you claim you were unable to perform or enjoy as a result of the injuries you claim to have suffered in this accident, stating how often this occurred and giving the names and addresses of any clubs, spas, groups or associations of which you were a member during any relevant period of time herein.

23 List the name and address of each insurance company, governmental agency or health care provider to whom you have presented a claim for benefits and/or received any payments for damages, bills, costs, lost income, or other benefits in any way arising from or related to the accident in question and those injuries described in your answer eleven (11), above, indicating any amount(s) received as a result thereof, from whom and when the same was so received.

Sunoco, Inc.,
By Its Attorney,

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West – Suite 330
300 Centerville Road
Warwick, Rhode Island, 02886
(401) 739-1800
Fax: (401) 738-0258

**CERTIFICATION**

I hereby certify that a copy of this document has been forwarded to **Janet W. Alexander, Esq.**, Law Office of Janet W. Alexander, 48 Hamlet Avenue, Woonsocket, Rhode Island 02895, on this 17th day of May, 2006.